# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT WADE, <br><br> Defendant. | No. CR90-2003-LRR <br><br> ORDER |

This matter appears before the court on the defendant's motion pursuant to 28 U.S.C. § 2201 (Docket No. 262). The defendant filed such motion on September 19, 2005. The plaintiff did not file a resistance. For the following reasons, the defendant's motion pursuant to 28 U.S.C. § 2201 shall be denied.

The challenge asserted in the instant motion is the type of challenge properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). From his motion, it appears the defendant is seeking relief under 28 U.S.C. § 2201 in order to avoid the requirement in 28 U.S.C. § 2244(b)(3)(A) that he obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion.[1] It is well settled that inmates may not circumvent

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:

(continued…)

the procedural requirement associated with bringing a second or successive 28 U.S.C. § 2255 motion by relabeling the motion. *United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Lurie*, 207 F.3d at 1077 (28 U.S.C. § 2241 motion); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (Fed. R. Civ. P. 59(e)) (citing *Patton*, 309 F.3d at 1093); *United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion). Thus, the defendant is unable to rely on 28 U.S.C. § 2201; the defendant should have relied upon 28 U.S.C. § 2255 to invoke the jurisdiction of the court.

---

[1](…continued)
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

When construed as a challenge pursuant to 28 U.S.C. § 2255, the defendant's challenge constitutes a second or successive 28 U.S.C. § 2255 motion because he previously sought relief under such statute. Consequently, the defendant, before filing his motion pursuant to 28 U.S.C. § 2201, needed to move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. *See* 28 U.S.C. § 2244(b)(3)(A). Because the defendant did not obtain authorization according to 28 U.S.C. § 2244(b)(3)(A), it is appropriate to dismiss his 28 U.S.C. § 2201 motion. *Boyd*, 304 F.3d at 814 (instructing courts to dismiss motion which is second or successive 28 U.S.C. § 2255 motion for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals).

In sum, the defendant's motion pursuant to 28 U.S.C. § 2201 is, on its face, a second 28 U.S.C. § 2255 motion and the defendant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. Accordingly, the defendant's 28 U.S.C. § 2201 motion shall be dismissed.

**IT IS THEREFORE ORDERED**:

The defendant's 28 U.S.C. § 2201 motion (Docket No. 262) is DISMISSED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

**DATED** this 26th day of October, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA